IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY CARNDUFF, )
)
Plaintiff, )
)
vs. ) Case No. 12-cv-1231-MJR-PMF
)
COLUMBIA MUTUAL INS. CO., )
)
Defendant. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

This lawsuit involves a claim for uninsured motorist coverage following a vehicular accident. In a complaint filed in Madison County Circuit Court in November 2012, Gregory Carnduff sought to recover compensatory and punitive damages from Columbia Mutual Insurance Company for breaching a contract of insurance issued to him on his 2003 Dodge 1500. The policy (No. AUIL 154360) provided uninsured motorist benefits of $100,000 per person, $300,000 per accident, and property damage.

Carnduff alleged that he was injured in a December 2010 accident with an unidentified driver, that Carnduff "demanded arbitration of the uninsured motorist coverage claim and named an arbitrator pursuant to policy terms," and that Defendant failed to name an arbitrator (Complaint, Count I). Carnduff further alleged that that Defendant's breach – failing to name an arbitrator -- constituted vexatious refusal to pay and entitled Carnduff to statutory damages (Complaint, Count II). Carnduff asks the Court to declare the rights of the parties and reform the insurance contract by ordering

that Carnduff's "underinsured motorist claim"[1] be submitted to binding arbitration and by designating Tom Falb as the sole arbitrator for binding arbitration of Carnduff's claims (Complaint, Count III, p. 5).

Defendant Columbia, having removed the case from Madison County Circuit Court to this Court, moves to dismiss Carnduff's complaint with prejudice. The motion does not specify the Federal Rule of Civil Procedure under which dismissal is sought – e.g., Rule 12(b)(1) for lack of subject matter jurisdiction, or Rule 12(b)(6) for failure to state a claim upon which relief can be granted. This is significant, because the parties have submitted various documents -- not all of which can properly be considered on a 12(b)(6) motion. ***See, e.g.*, Fed. R. Civ. P. 12(d); *Santana v. Cook County Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012)(reiterating general rule that consideration of materials outside the pleadings on a Rule 12(b)(6) dismissal motion may result in reversible error).**[2]

Part of the motion arguably falls within Rule 12(b)(1) – it seeks dismissal of two of the counts based on the argument that the exclusive remedy for uninsured motorist claims is furnished by Illinois statute, that statute requires arbitration via a set procedure, and thus "no court has jurisdiction to hear Illinois uninsured motorist claims for damages" (Doc. 3,p. 2). The memorandum supporting the dismissal motion fleshes

---

1 The reference to an *underinsured* motorist claim appears to be merely a typographical error; the remainder of the complaint and the parties' briefs in this Court refer only to the uninsured coverage.

2 Of course, the Court can properly consider matters attached to the complaint and referred to in the complaint which are central to the plaintiff's claim. ***See, e.g.*, *Hecker v. Deer & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).**

out the argument that Carnduff cannot end-run the Illinois statutory procedures for uninsured motorist claims for damages but does not mention subject matter jurisdiction or clarify the Federal Rule of Civil Procedure under which dismissal is sought.

The dismissal motion ripened with the filing of a reply brief on January 11, 2013.[3] The parties essentially agree that the Illinois statute in question – **215 ILCS 5/143a** – furnishes the exclusive remedy for uninsured motorist claims for damages, providing for arbitration of such claims. They dispute when Plaintiff first made his demand for arbitration.

Defendant says it was October 5, 2012, so Plaintiff's November 14, 2012 lawsuit came before Defendant had the allotted statutory 45 days to respond (by naming an arbitrator). Plaintiff counters that he first demanded arbitration by submitting a letter to his insurance company on August 31, 2011.[4] As to Defendant's argument that Plaintiff jumped the gun by filing suit before allowing the statutory procedure for arbitration to take its natural course, Plaintiff further responds that the two-year "statute of limitations for personal injury" was about to expire, and he filed suit "so as not to let any of the contractual statute of limitations expire" (Doc. 14).

---

[3] The undersigned Judge directed Defendant to specifically identify in the reply brief the Federal Rule under which dismissal is sought (see Order at Doc. 6), but Defendant failed to do so. In future motions filed herein, counsel shall identify with specificity the Rule under which any dispositive motion is filed. *See* Judge Reagan's Case Management Procedures, part of District Court web-site at www.ilsd.uscourts.gov.

[4] Plaintiff attaches a copy of that letter (Doc. 14, p. 3). Again, such materials may properly be considered if this is a jurisdictionally-based dismissal motion but cannot necessarily be considered if Defendant seeks dismissal for failure to state a claim upon which relief can be granted.

Defendant replies that at this point Plaintiff has made a proper demand for arbitration, the arbitrators have been chosen, and Plaintiff's claim should proceed to arbitration subject to Defendant's counterclaim for declaratory relief (Reply brief, Doc. 15, p. 1).[5]

As a general rule, all motor vehicles registered in Illinois must be covered by a liability insurance policy, with minimum amounts specified in the Financial Responsibility Law. **625 ILCS 5/7-601(a) and 5/7-203 (West 2006).** Motor vehicle liability policies also must include uninsured motorist coverage. **215 ILCS 5/143a (West 2006).** The Illinois Supreme Court has explained that the primary purpose of the mandatory liability insurance requirement is to "protect the public by securing payment of their damages," and *uninsured* motorist coverage furthers that goal by placing the policyholder "in substantially the same position he would occupy, … if the wrongful driver had had the minimum liability insurance required by the Financial Responsibility Act." ***Phoenix Ins. Co. v. Rosen*, 949 N.E.2d 639, 645-46 (Ill. 2011).**

Additionally, the Illinois Insurance Code mandates that "any dispute with respect to the coverage and the amount of damages" under an uninsured-motorist policy must be submitted for arbitration. ***Phoenix*, 949 N.E.2d at 646, *quoting* 215 ILCS 5/143a(1).** The Illinois Supreme Court has clarified the scope of this requirement:

> Section 143a(1) of the Code requires the arbitration of "any dispute with respect to" uninsured motorist coverage…. Our supreme court in ***State Farm Fire & Casualty Co. v. Yapejian*, … 605 N.E.2d 539 (1992)**, defined the scope of that language when it reversed an appellate court's ruling

---

[5] Defendant's December 5, 2012 "Counterclaim for Declaratory Judgment" seeks a declaration that the policy in question affords no coverage to Carnduff for the injuries he allegedly sustained in the accident on December 12, 2010 (Doc. 5, p. 2).

> that section 143a(1) unambiguously required arbitration of all disputes relating to uninsured motorist coverage. **In defining the scope of that section, the supreme court construed it narrowly to limit the matters submitted to arbitration to disputes concerning covered claims, once coverage had been established**, noting that such a limitation would allow the resolution of a number of issues in the courts and contribute to the body of case law on the subject of uninsured motorist coverage. ***State Farm*, … 605 N.E.2d 539.**

***Smith v. State Farm Ins. Companies, Inc.*, 861 N.E.2d 183, 188 (Ill. App. 2006)(emphasis added).**

Clearly, then, the Illinois statute sets forth a procedure for resolving uninsured motorist claims. The parties to this suit apparently now have each designated an arbitrator under that procedure and agree that the arbitration process should go forward pursuant to Illinois law (as to Plaintiff Carnduff's uninsured motorist claims). While the undersigned District Judge was finalizing this Order he learned that Plaintiff's counsel will move to *voluntarily* dismiss the existing complaint without prejudice and without costs, leaving Defendant's counterclaim (Doc. 5) pending. *See* January 17, 2013 entry reflecting minutes of Scheduling Conference before the Honorable Philip M. Frazier (Doc. 16). Accordingly, the Court **DENIES** Defendant's motion to dismiss (Doc. 3) and will await Plaintiff's motion to voluntarily dismiss the complaint without prejudice, which shall be filed on or before January 23, 2013.

IT IS SO ORDERED.

DATED January 17, 2013.

**s/ Michael J. Reagan**
Michael J. Reagan
United States District Judge